# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | Case No. 2:16-CV-2079 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ANTHONY BORGERT, | |
| Defendant(s). | |

Presently before the court is defendant Anthony Borgert's ("Borgert") motion to dismiss. (ECF No. 10). Plaintiff Ocwen Loan Servicing, LLC ("Ocwen") filed a response (ECF No. 12), to which Borgert replied (ECF No. 15). Ocwen filed a surreply (ECF No. 25) with the court's leave (ECF No. 24).

**I.  Facts**

This case involves a dispute over real property located at 5646 Low Stakes Court, Las Vegas, Nevada 89122 (the "property"). Adanech M. Michu ("Michu") obtained a loan in the amount of $252,436.00 to purchase the property, which was secured by a deed of trust recorded on December 26, 2006. (ECF No. 1).

In April 2007, Federal National Mortgage Association ("Fannie Mae") purchased the loan. (ECF No. 1 at 3). The deed of trust was assigned to IndyMac Federal Bank FSB via an assignment of deed of trust recorded July 30, 2009. (ECF No. 1 at 3).

On August 25, 2009, Alessi & Koenig, LLC ("A&K"), acting on behalf of Nevada Ranch Master Homeowners Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $498.75. (ECF No. 1 at 4). On November 16, 2009, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount

**James C. Mahan**
**U.S. District Judge**

due of $1,471.25. (ECF No. 1 at 4). On November 5, 2010, A&K recorded a second notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,878.91. (ECF No. 1 at 4).

On March 20, 2012, A&K recorded a notice of trustee's sale, stating an amount due of $4,096.41. (ECF No. 1 at 4). On August 14, 2012, A&K recorded a second notice of trustee's sale, stating an amount due of $5,340.00. (ECF No. 1 at 4–5).

On December 12, 2012, MYE Construction, LLC ("MYE") purchased the property at the foreclosure sale for $6,300.00. (ECF No. 1 at 5). A trustee's deed upon sale in favor of MYE was recorded on January 8, 2013. (ECF No. 1 at 5). A corrective trustee's deed upon sale was recorded on April 25, 2013, to correct the foreclosing beneficiary's name. (ECF No. 1 at 5). Thereafter, MYE quitclaimed its interest in the property to Borgert via a quitclaim deed recorded June 5, 2013. (ECF No. 1 at 5).

After the deed of trust had been extinguished by the foreclosure sale, the deed of trust was assigned to OneWest Bank, FSB ("OneWest") via a corporate assignment of deed of trust recorded February 21, 2013. (ECF No. 1 at 3). Thereafter, the deed of trust was assigned to Ocwen via a corporate assignment of deed of trust recorded July 6, 2016. (ECF No. 1 at 3).

On September 1, 2016, Ocwen filed the underlying complaint, alleging three claims for relief: (1) quiet title; (2) preliminary and permanent injunction; and (3) unjust enrichment. (ECF No. 1).

In the instant motion, Borgert moves to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) based on *res judicata* and *forum non conveniens*. (ECF No. 10).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The parties dispute the preclusive effect of a default judgment entered in state court regarding the property at issue. Defendant Borgert argues Ocwen has no valid interest in the property because a valid judgment exists quieting title in Borgert's favor. (ECF No. 10 at 5). In

response, plaintiff Ocwen argues that *res judicata* is inapplicable because its claims were never litigated in the state court action. (ECF No. 12 at 7).

The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies. *In re Jenson*, 980 F.2d 1254, 1256 (9th Cir. 1992). The doctrine is intended to "insure[] the finality of decisions, conserve[] judicial resources, and protect[] litigants from multiple lawsuits." *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (citing *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528-29 (9th Cir. 1985)).

In the state court action, Borgert obtained default judgment against Michu and OneWest on his quiet title claim on December 21, 2015, notice of which was filed on January 6, 2016. (ECF No. 10-1 at 12, 17–18). Thereafter, on June 30, 2016, Ocwen filed a motion to intervene and moved to set aside the default judgment, which the state court denied, finding the intervention to be untimely. (ECF No. 10-1 at 16–18). Subsequently, the state court denied Ocwen's motion for reconsideration. (ECF No. 10-1 at 24–25). OneWest filed a notice of appeal on January 5, 2017. (ECF No. 10-1 at 27–28). The appeal is currently pending. (ECF No. 12 at 5).

As to the untimeliness of Ocwen's motion to intervene, the state court found as follows:

> Ocwen moved to intervene on June 30, 2016, despite having constructive notice of the sale since before it recorded its interest in the property. More than three years had elapsed since the foreclosure sale of the [p]roperty when Ocwen filed its motion. Moreover, Ocwen's motion to intervene comes a full year after the initiation of quiet title proceedings, and more than six months after the default judgment entered against OneWest, the record holder of the extinguished deed of trust.

(ECF No. 10-1 at 18). The state court further found as follows:

> [T]he circumstances in which Ocwen and OneWest have found themselves are entirely of their own making. Ocwen and OneWest have failed to sufficiently demonstrate that Ocwen's intervention in the instant action is allowable under the law or that [d]efault [j]udgment should be set aside.

(ECF No. 10-1 at 18).

Assuming, *arguendo*, that *res judicata* is inapplicable here, Ocwen's complaint nonetheless fails to state any plausible claims upon which relief may be granted.

. . .

- 4 -

### A. Quiet Title (claim 1)

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, Ocwen has failed to sufficiently allege a quiet title claim against Borgert. In particular, the complaint alleges that the deed of trust was assigned to Ocwen via a corporate assignment of deed of trust recorded July 6, 2016—after the deed of trust had already been extinguished by the foreclosure sale. (ECF No. 1 at 3). Thus, Ocwen has failed to show its claim to the property is superior to that of Borgert's claim.

Accordingly, the court will grant Borgert's motion to dismiss as it relates to this claim.

### B. Injunctive Relief (claim 2)

Claim (2) of Ocwen's complaint will be dismissed without prejudice as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Accordingly, the court will grant Borgert's motion to dismiss as it relates to this claim.

. . .

. . .

**C. Unjust Enrichment** (claim 3)

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such
> (3) benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).

Here, the complaint fails to allege any of the three required elements to establish an unjust enrichment claim. Ocwen merely alleges that should it succeed on quieting title against Borgert, Borgert "will have been unjustly enriched by the HOA [s]ale and usage of the [p]roperty." (ECF No. 1 at 12). Such conclusory allegations are insufficient to state a plausible claim for relief based on unjust enrichment. *See Iqbal*, 556 U.S. at 678.

Accordingly, the court will grant Borgert's motion to dismiss as it relates to this claim.

**IV. Conclusion**

Based on the aforementioned, the court will grant Borgert's motion to dismiss (ECF No. 10) and dismiss Ocwen's complaint without prejudice as it fails to plausibly state a claim upon which relief may be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED consistent with the foregoing.

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that Ocwen's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED June 21, 2017.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE